**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION**

**PAMELA ROBERTS**                                                                             **PLAINTIFF**

**v.**                                                                           **No. 1:25-cv-00192-MPM-DAS**

**CITY OF BOONEVILLE, MS., et al,**                                    **DEFENDANTS**

**ORDER**

    This matter comes before the Court on the Report and Recommendation ("R&R") of United States Magistrate Judge David A. Sanders entered on January 6, 2026 [4]. The R&R recommends that the Court deny Plaintiff Pamela Roberts' application to proceed in forma pauperis and dismiss her Complaint under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim. Ms. Roberts filed no objections.

    Ms. Roberts, proceeding *pro se*, filed a Complaint for Violation of Civil Rights [1] against the City of Booneville, Mississippi, the Booneville Police Department, Officer Aaron Canaday, Sheriff Chris Dickinson, and John/Jane Doe Officers 1-5. She challenges her November 1, 2022 arrest and detention through November 7, 2022. She also seeks leave to proceed *in forma pauperis* [2].

    When a party objects to an R&R, the Court reviews the challenged portions de novo. 28 U.S.C. § 636(b)(1). When no party objects, the Court reviews for clear error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1418 (5th Cir. 1996). Ms. Roberts filed no objections. The Court reviews for clear error. However, even under de novo review, dismissal is required.

    **I.   Res Judicata**

    *Res judicata* bars a party from relitigating claims that were raised or could have been raised in an earlier action that resulted in a final judgment. *Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d

559, 571 (5th Cir. 2005); *see also Baltimore S.S. Co. v. Phillips*, 274 U.S. 316, 319 (1927). *Res judicata* applies when:

> "(1) the parties are identical or in privity; (2) the judgment in the prior action was rendered by a court of competent jurisdiction; (3) the prior action was concluded by a final judgment on the merits; and (4) the same claim or cause of action was involved in both actions."

*BVS Constr., Inc. v. Prosperity Bank*, 18 F.4th 169, 173 (5th Cir. 2021) (quoting *Petro-Hunt, L.L.C. v. United States*, 365 F.3d 385, 395 (5th Cir. 2004)). The Fifth Circuit applies the "transactional test" to determine whether two suits involve the same claim. *Test Masters Educ. Servs.*, 428 F.3d at 571. Under that test, the Court asks whether the two cases "arise from the same nucleus of operative facts." *Davis v. Dall. Area Rapid Transit*, 383 F.3d 309, 313 (5th Cir. 2004). This inquiry considers "whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage." *Petro-Hunt, L.L.C., v. United States*, 365 F.3d 385, 396 (5th Cir. 2004) (quoting Restatement (Second) of Judgments § 24(2) (1982)).

All four elements are met. First, the parties are identical or in privity. In the prior action, 1:23-cv-150-GHD-RP, Ms. Roberts sued the City of Booneville, Mississippi, the Booneville Police Department, Chief Michael Ramey, Officer Aaron Canaday, and others based on her November 1, 2022 arrest and detention. *See Roberts v. City of Booneville, Miss.*, 1:23-cv-150-GHD-RP [Dkt. 1, Complaint]. The Court entered summary judgment in favor of the defendants and entered final judgment on February 14, 2025. *Id.* [Dkt. 72, Memorandum Opinion, and Dkt. 73, Order]. The present action again names the City of Booneville, Mississippi, the Booneville Police Department, Officer Aaron Canaday, and Sheriff Dickinson, and again challenges the same arrest and detention. This overlap satisfies the identity requirement. To the extent that Ms. Roberts names additional

officers, they stand in privity with the municipal defendants because the claims arise from the same official conduct.

Second, this Court had jurisdiction over the prior action under 28 U.S.C. § 1331 because Ms. Roberts asserted claims under 42 U.S.C. § 1983. Third, the prior action ended in a final judgment on the merits. The Court granted summary judgment in favor of the defendants and entered final judgment. *See Roberts*, 1:23-cv-150-GHD-RP, [Dkt. 72, Memorandum Opinion, and Dkt. 73, Order]. A summary judgment dismissal constitutes a final judgment on the merits for *res judicata* purposes. *Wilson Cypress Co v. Atl. Coast Line R Co*, 109 F.2d 623, 625 (5th Cir. 1940) ("[A] judgment of dismissal which is intended to be and is, a disposition of the cause of action on its merits, is a final judgment and res judicata."). Fourth, both suits arise from the same nucleus of operative facts. In both actions, Ms. Roberts challenges her November 1, 2022 arrest, her initial appearance, and her detention through November 7, 2022. She again alleges constitutional violations under § 1983 based on those events. The factual basis for her claims is unchanged. Any claim she now asserts either was raised or could have been raised in the prior action. The "transactional test" therefore compels preclusion. *Test Masters Educ. Servs.*, 428 F.3d at 571.

The record also shows that Ms. Roberts filed another near-identical complaint in case no. 1:25-cv-178-GHD-RP after final judgment was entered in the 2023 case. Thus, the present action marks her third attempt to relitigate the same events. *Res judicata* bars each attempt. Therefore, because *res judicata* defeats every claim in the present Complaint, the action fails to state a claim upon which relief may be granted and must be dismissed under § 1915(e)(2)(B)(ii).

## II. In Forma Pauperis Screening

Section 1915(e)(2) requires a court to dismiss an *in forma pauperis* action at any time if the complaint fails to state a claim. 28 U.S.C. § 1915(e)(2)(B)(ii). The statute does not grant an

absolute right to proceed without paying fees. *Carter v. Thomas*, 527 F.2d 1332 (5th Cir. 1976). When a complaint asserts claims barred by *res judicata*, it fails as a matter of law. *Wininger v. Bank of Am., N.A.*, 2015 WL 1737617, at *3 (E.D. Tex. Apr. 14, 2015), aff'd, 621 F. App'x 297 (5th Cir. 2015). Accordingly, "[d]ismissal under Rule 12(b)(6) on *res judicata* grounds may be appropriate when the elements of *res judicata* are apparent on the face of the pleadings." *Dean v. Miss. Bd. of Bar Admissions*, 394 F. App'x 172, 175 (5th Cir. 2010) (per curiam) (citation omitted). Since Ms. Roberts' claims are precluded, amendment would be futile. The Court therefore denies her application to proceed *in forma pauperis* and dismisses this action.

The Court finds no clear error in the R&R. The Court also finds that, even under de novo review, *res judicata* bars this action. IT IS, THEREFORE, ORDERED that:

1. The Report and Recommendation [4] is ADOPTED as the opinion of the Court;
2. Plaintiff Pamela Roberts' application to proceed *in forma pauperis* [2] is DENIED; and
3. Plaintiff Pamela Roberts' Complaint [1] is DISMISSED with prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii).

A separate judgment will be entered this date, pursuant to Fed. R. Civ. P. 58.

SO ORDERED, this is the 3rd day of March, 2026.

/s/Michael P. Mills
UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF MISSISSIPPI

4